**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JOHN COFFIN,

                                Plaintiff,                           No. 1:19-CV-111
                                                                          (LEK/CFH)

            v.

LAW OFFICES OF DANIELLE NERONI and
DANIELLE NERONI,

                                Defendants.

_____

**APPEARANCES:**

John Coffin
3937
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis Application

The Clerk has sent to the Court a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by plaintiff pro se John Coffin. Dkt. Nos. 1 ("Compl."), 2. After reviewing plaintiff's IFP application, the Court finds that he may properly proceed IFP.[1]

_____

[1] Plaintiff is advised that, despite his IFP status, he will still be required to pay any fees he incurs in this action, including copying fees and witness fees.

## II. Initial Review[2]

## A. Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff

seeks to proceed IFP, "the court shall dismiss the case at any time if the court

determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's

responsibility to determine that a plaintiff may properly maintain his or her complaint

before permitting him or her to proceed with the action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or

her] submissions liberally and interpret them to raise the strongest arguments that they

suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam)

(internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136

(2d Cir. 1994).  However, this does not mean the Court is required to accept

unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are

provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P").  Specifically, Rule 8

provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a

short and plain statement of the claim showing that the pleader is entitled to relief."  See

FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being

asserted so as to permit the adverse party the opportunity to file a responsive answer,

---

[2] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

prepare an adequate defense and determine whether the doctrine of res judicata is

applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation

marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make

clear that each allegation contained in the pleading "must be simple, concise, and

direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007).

A complaint that fails to comply with the pleading requirements "presents far too

a heavy burden in terms of a defendant['s] duty to shape a comprehensive defense and

provides no meaningful basis for the Court to assess the sufficiency of their claims."

Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has

held, "[w]hen a complaint does not comply with the requirement that it be short and

plain, the court has the power, on its own initiative . . . to dismiss the complaint."

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However,

"[d]ismissal . . . is usually reserved for those cases in which the complaint is so

confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

well disguised." Id. (citations omitted).

**B. Plaintiff's Complaint**

Plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983 alleging that defendants the Law Offices of Danielle Neroni and Danielle Neroni violated his constitutional rights.  See generally Compl.  Plaintiff alleges that on August 2, 2016, Ms. Neroni, his counsel in a criminal case, gave him "ill[-]advised" guidance to "sign [his] name on a guilty plea agreement which was defective on its face."  Id. at 4.  Plaintiff states that pursuant to such agreement, plaintiff "was committed to the custody of the United States Bureau of Prisons for a total term of 125 months."  Id.  Plaintiff alleges that the Second Circuit vacated his plea and found him "not guilty of such an offense at [his] trial on October 29, 2018."  Id.

Plaintiff contends that Ms. Neroni "intentionally mis[ ]informed [him] of the law as w[e]ll as [his] legal rights and such misrepresentation by her on August 2, 2016 in Rensselaer County Jail . . . caused [him] to be convicted of a crime [he] was not guilty of and sent to a federal prison for over 12 months."  Compl. at 4.  Plaintiff claims that the twelve months that he spent in federal prison "destroyed" his family and relationships with his children, and caused intentional infliction of emotional distress. Id.  Plaintiff requests one million dollars in damages.  Id. at 5.

**C. Analysis**

Plaintiff sets forth claims of (1) "misrepresentation on the grounds of erroneous legal advice, that caused [him] a[n] unlawful conviction and imprisonment[; (2)] denial of due process of law in criminal proceedings concerning plea agreement[ ]s[;]" and

4

(3) ineffective assistance of counsel "and the deprivation of constitutional rights

concerning a defendant represented by counsel at [a] plea hearing."  Compl. at 5.

Section 1983 provides, in part:

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to
> the deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to the party injured
> . . . .

42 U.S.C. § 1983.  To set forth a cause of action under section 1983, a plaintiff must

demonstrate that the alleged conduct was (1) "committed by a person acting under

color of state law"; and (2) "deprived [the plaintiff] of rights, privileges, or immunities

secured by the Constitution or laws of the United States."  Cornejo v. Bell, 592 F.3d

121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)

(internal quotation marks omitted)).  "The purpose of § 1983 is to deter state actors

from using the badge of their authority to deprive individuals of their federally

guaranteed rights and to provide relief to victims if such deterrence fails."  Wyatt v.

Cole, 504 U.S. 158, 161 (1992).

    The Supreme Court of the United States has found that "the

under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful."  Am. Mfrs. Mut. Ins. Co. v. Sullivan,

526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).  Therefore, a

plaintiff must establish that the defendant was either a state actor or a private party

acting under color of state law.  See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323

(2d Cir. 2002); see also United States v. Int'l Bhd. of Teamsters, Chauffeurs,

5

Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").  A private party engages in state action when they are found to be a "willful participant in joint activity with the State or its agents."  Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (citing United States v. Price, 383 U.S. 787, 794 (1966)).  "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  White v. Moylan, 554 F. Supp. 2d 263, 267 (D. Conn. 2008) (citation omitted).

Plaintiff only lists Ms. Neroni, his court-appointed attorney, and her law office as defendants in this action.  See generally Compl.  "Private attorneys, whether court appointed or privately retained, are generally not liable under § 1983."  Kunz v. Brazill, No. 6:14-CV-1471 (MAD/TWD), 2015 WL 792096, at *7 (N.D.N.Y. Feb. 25, 2015) (citing Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citation omitted)).  As such, plaintiff's allegations against Ms. Neroni and her law office concerning any alleged misrepresentation of legal advice during the plea hearing amount to performance of "a lawyer's traditional functions," and, therefore, are not subject to scrutiny under § 1983.  Rodriguez, 116 F.3d at 65-66.

Moreover, there is no indication in the complaint that Ms. Neroni or her office was a "willful participant in joint activity with the State or its agents," as is required in order for the Court to find that a private party has engaged in state action.  See Adickes, 398 U.S. at 152.

To the extent that plaintiff intends to set forth a legal malpractice claim against Ms. Neroni, it is not properly before this Court as plaintiff has failed to demonstrate "diversity jurisdiction" "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ," 28 U.S.C. § 1332(a)(1), or federal question jurisdiction, where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted), overruled on other grounds by Doscher v. Sea Port Grp. Sec., LLP, 832 F.3d 372 (2d Cir. 2016)).  As such, it is recommended that plaintiff's § 1983 claims be dismissed with prejudice in this Court, but without prejudice to plaintiff commencing an action before the appropriate state court should he choose to do so.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for in forma pauperis relief (Dkt. No. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED with**

**prejudice** in this Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim on which relief may be granted, but **without prejudice** to plaintiff commencing an

action before the appropriate state court should he choose to do so; and it is

   **ORDERED**, that the Clerk of the Court serve a copy of this

Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

   **IT IS SO ORDERED**.

   Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen days within which to file written objections to the foregoing report.  Such

objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS**

**REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health

and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

6(a), 6(e), 72.[3]

   Dated: April 18, 2019
   Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).